## CIRCUIT COURT OF HENRICO COUNTY

State Farm Mutual
Automobile Ins. Co.

v.

Keith Bowers

February 6, 1997

Case No. CL96-619

By Judge George F. Tidey

This case comes before the Court in an unusual posture. The plaintiff mistakenly overpaid the defendant $30,000.00 on a medical bill. The defendant took advantage of the innocent mistake and wrongfully converted the money and spent it. If this were a case in equity, the defendant certainly would not have "clean hands."

The question for the Court to decide is whether the defendant is entitled to an off-set against the amount sought. The basis of the off-set is medical bills incurred after the overpayment that were a result of the accident.

The definition of two words needs to be addressed. They are "incurred" and "reasonable" as they apply to this case.

*Black's Law Dictionary* says that incur means, "To have liabilities cast upon one by act or operation of law ... ." In this case, the defendant incurred a liability for medical services at the time that they were performed.

*Black's* defines reasonable as "just; proper. Ordinary or unusual." It would be inappropriate to say that the medical services rendered to the defendant were unreasonable. The fact that the medical provider and Trigon have negotiated a figure acceptable to both of them for services performed does not set the standard of what is reasonable.

The Court is certainly concerned when a medical provider such as Richmond Memorial Hospital submits a bill to the defendant for $5,840.00 and then accepts $975.00 from Trigon as full payment. I would venture to say that if there was a suit by the hospital against the defendant on the unpaid bill,

their representative would testify that the charges were, "just, proper, ordinary, and usual."

Before the overpayment, State Farm was appropriately receiving the medical bill and issuing a check payable to the defendant for the amount of medical services rendered. If there had not been the overpayment, they would have continued to do this up to the limit of the policy. That is what Va. Code § 38.2-2201 and their policy intended.

State Farm cannot be a Third Party or Fourth Party beneficiary of the agreement between Trigon and the medical care provider.

The defendant is allowed to off-set the medical expenses with the exception of those charges from May Rehab that were not related to medical services.